**Louis A. PERRETTA, Jr.; et al., Plaintiffs–Appellants,**

v.

**PROMETHEUS DEVELOPMENT COMPANY, INC.; et al., Defendants–Appellees.**

No. 06–15526.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 2008.

Filed Aug. 12, 2008.

Bruce Adelstein, Law Offices of Bruce Adelstein, Daniel L. Germain, Dennis A. Kendig, Kendig Law Firm, Encino, CA, Edward J. Horowitz, Edward J. Horowitz P.C., A Professional Corporation, Pacific Palisades, CA, for Plaintiffs-Appellants.

Steffen N. Johnson, Winston & Strawn, LLP, Washington, DC, Richard P. Tricker, Anderson McPharlin & Conners, LLP, Los Angeles, CA, for Defendants-Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: THOMPSON and M. SMITH, Circuit Judges, and HAYES,* District Judge.

## MEMORANDUM **

Plaintiffs–Appellants Louis and Frank Perretta (Plaintiffs), representatives of a class of limited partners of Prometheus Income Partners, LP (the Partnership), appeal the dismissal of their first amended complaint. Because the parties are familiar with the facts, we do not recount them here, except as necessary to explain our decision. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The vote of the limited partners in the Partnership was sufficient to ratify the transaction. California Corporate Code § 15636(f)(1)(E) requires only an "affirmative vote of a majority in interest of the limited partners" to approve "[t]ransactions in which the general partners have an actual or potential conflict of interest with the limited partners or the partnership." The statute makes no distinction between disinterested limited partners and those who are affiliates of the general partner, see id. § 15611(q) (defining "[l]imited partner" as "a person who has been admitted to a limited partnership as a limited partner in accordance with the partnership agreement"), and the Partnership's partnership agreement expressly permitted the general partner to hold limited partnership interests. We reject Plaintiffs' contention that section 15636 merely sets forth the requirements for such transactions to have legal effect. Rather, the statute sets forth how the "rights *and duties* of the partners in relation to the limited partnership shall be determined," including the duty of loyalty the general partner owes to the partnership and the limited partners. As Plaintiffs admit that 50.7% of all outstanding limited partner units were voted to approve the merger, the merger was approved.

The limited partners' ratification of the merger extinguishes Plaintiffs' claim for a breach of Defendants' duty of loyalty, unless they can show that Defendants' disclosure leading up to the vote was inadequate or misleading. *Skone v. Quanco Farms*, 261 Cal.App.2d 237, 241, 68 Cal.Rptr. 26 (1968).[1] Federal Rule of Civil Procedure 9(b), requires that "the circumstances constituting fraud ... shall be stated with particularity." In this case, Plaintiffs fail to identify any concrete *facts* which Defendants failed to disclose. First, the date of the appraisals, the 2% brokerage commission, the 1% disposition fee, the loan pre-

---

* The Honorable William Q. Hayes, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Plaintiffs maintain that, even if there was a ratification, such a ratification would only place the burden of proving unfairness on them, rather than extinguishing their claim altogether. In support of this contention, they cite only cases drawn from Delaware corporate law. Their argument is triply unpersuasive: (1) the cases they cite involve only those involving a *dominant* shareholder, not, as with Defendants, holders of an 18.2% bloc, *see, e.g., Emerald Partners v. Berlin*, 726 A.2d 1215, 1223 (Del.1999); *Kahn v. Lynch Commc'n Sys., Inc.*, 638 A.2d 1110, 1116 (Del. 1994); (2) there is no evidence that California has adopted *Kahn* burden-shifting even in that limited context; and (3) even Delaware courts have declined to extend *Kahn* to limited partnerships, *see, e.g., R.S.M. Inc. v. Alliance Capital Mgmt. Holdings L.P.*, 790 A.2d 478, 498 n. 28 (Del.Ch.2001).

payment penalty, the history of the negotiations with Aspen (including a complete copy of the correspondence between Prometheus and Aspen), and the composition of the Merger consideration were all disclosed in the proxy statement. Whether those costs were fair or reasonable was a decision for the voting unitholders to make, not this court. Second, the cost to repair the construction defects was explicitly identified as an "estimate," and the proxy statement included a disclaimer with respect to "forward-looking statements." The fact that Defendants had already signed repair contracts for less than that amount does not mean that those estimates for the final price were fraudulent. Because Plaintiffs have failed to specify any material fact that Defendants failed to disclose, the ratification vote extinguishes their claim for breach of fiduciary duty, and the district court did not err in dismissing the suit under Rule 12(b)(6).

AFFIRMED.